IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA
CIVIL DIVISION

JOSEPH WARREN, on behalf of himself
and on behalf of all others
similarly situated,

    Plaintiff,

v.                             Case No. :

OLYMPUS INSURANCE COMPANY,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH WARREN ("Plaintiff"), by and through undersigned counsel, and on behalf of himself, the Putative Class set forth below, and in the public interest, brings the following Class Action as of right against Defendant, OLYMPUS INSURANCE COMPANY ("Defendant") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq. and for damages in excess of $15,000, exclusive of interest, fees, and costs, for unpaid wages under Florida common law.

### PRELIMINARY STATEMENT

1.     Defendant is a corporation that specializes in providing homeowner's insurance policies.

2.     Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective and current employees, and frequently relies on such information, in whole or in part, as a basis for taking adverse employment action,

such as termination of employment, reduction in working hours, demotion, failure to hire, and failure to promote.

3. While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

4. Defendant willfully violated these requirements in multiple ways, thereby systematically violating Plaintiff's rights and the rights of other putative class members.

5. Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures to them in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its employees—*in a document that consists solely of the disclosure*—that it may obtain a consumer report on them for employment purposes. This disclosure must be made by employers prior to obtaining copies of employees', or prospective employees', consumers reports. Id. Defendant willfully violated this requirement by failing to provide Plaintiff and other putative class members with a copy of a separate document solely consisting of Defendant's disclosure, stating that Defendant may obtain a consumer report on any person for employment purposes. This practice violates long-standing regulatory guidance from the Federal Trade Commission ("FTC").

6. Defendant also willfully refused to fully compensate Plaintiff and other putative class members for all wages due under Florida Common Law.

7. Based on the foregoing violations, Plaintiff asserts FCRA and Florida Common Law claims against Defendant on behalf of himself and a Class of Defendant's employees and prospective employees.

8. In Counts One and Two, Plaintiff asserts FCRA claims under 15 U.S.C. 1681b(b)(2)(A)(i)-(ii) on behalf of an "Improper Disclosure and Authorization Class" consisting of:

> All of Defendant's employees and job applicants in the United States who were the subject of a consumer report that was procured by Defendant within five years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).

9. In Count Three, Plaintiff asserts unpaid wages claims under Florida Common Law on behalf of an "Unpaid Wages Class" consisting of

> All Defendant's employees in the United States who were employed by Defendant and denied their full wages and commissions within five years of the filing of this complaint through the date of final judgment in this action.

10. On behalf of himself Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA and Florida Common Law.

## THE PARTIES

11. Individual and representative Plaintiff JOSEPH WARREN ("Plaintiff") lives in St. Augustine, Florida. Plaintiff is a former employee of Defendant, and is also a member of each of the Putative Classes defined below.

12. Defendant maintains corporate headquarters in Palm Beach Gardens. Defendant maintains multiple offices and employs thousands of people.

## JURISDICTION AND VENUE

13.     This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

14.     Venue is proper in St. Johns County, because all events giving rise to these claims arose in this County.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

15.     Defendant conducts background checks on the majority of its prospective employees as part of a standard screening process. In addition, Defendant also conducts background checks on its current employees from time to time during the course of their employment.

16.     Based on information and belief, Defendant does not perform these background checks in-house. Rather, Defendant relies on various outside consumer reporting firms to obtain this information, and return the corresponding reports to Defendant. These reports are "consumer reports" within the meaning of the FCRA.

### *FCRA Violations Relating to Improper Disclosure and Authorization Class*

17.     Defendant procured consumer report information on Plaintiff in violation of the FCRA.

18.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

   (i)     a clear and conspicuous disclosure has been made in writing to

the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure* that a consumer report may be obtained for employment purposes; and

(ii)  the consumer has authorized (which authorization may be made on the document referred to in clause (i)) the procurement of the consumer report in writing.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

19.  Defendant failed to satisfy these unambiguous disclosure and authorization requirements.

20.  Based upon information and belief, Defendant does not have a stand-alone FCRA disclosure or authorization form.

21.  This practice violates the plain language of the FCRA, and also flies in the face of unambiguous case law and regulatory guidance from the FTC.

22.  For example, Defendant's Background Check Disclosure form discloses that Defendant intends to conduct a background check and, at the same time, purports to release Defendant from any liability related to the background check. Courts throughout the country, including in *Milbourne v. JRK Residential Am., LLC*, 2015 U.S. Dist. LEXIS 29905, 15 (E.D. Va. Mar. 10, 2015), *Avila v. NOW Health Group, Inc.*, 2014 U.S. Dist. LEXIS 99178, 2 (N.D. Ill. July 17, 2014), *Singleton v. Domino's Pizza*, 2012 WL 245965, *8 (D. Md. Jan. 25, 2012), *Reardon v. Closetmaid Corp.*, 2013 WL 6231606, *10-11 (W.O. Pa. Dec. 2, 2013), and *E. E.O.C. v. Video Only, Inc.*, No. CIV. 06-1362-KI, 2008 WL 2433841 at*11 (D. Or. June 11, 2008), have held that § 1681 b(b)(2)(A)(i) prohibits

the inclusion of a waiver of rights in a form used by an employer to disclose to a prospective employee his or her rights under the FCRA.

23. The inclusion of this release provision in the Background Check Disclosure form violates the FCRA.

24. The "inclusion of such a waiver [of liability] in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

25. Defendant willfully disregarded case law and regulatory guidance, and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer report information on prospective or current employees without complying with the disclosure and authorization requirements of the statute.

### ALLEGATIONS SPECIFIC TO PLAINTIFF AS TO FCRA CLAIMS

24. On or about October 5, 2016, Plaintiff applied for a position with Defendant in St. Augustine, Florida.

25. The employment application completed by Plaintiff for Defendant contained a disclosure that Defendant would obtain a consumer report on Plaintiff.

26. The disclosure also released Defendant from all liability associated with obtaining a consumer report on Plaintiff.

27. It was unlawful for Defendant to procure a consumer report on Plaintiff without making the disclosures required by the FCRA.

28. In doing so, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for

employment purposes, without first making proper disclosures in the format required by the statute.

29. Also in violation of 15 U.S.C. §§ 1681 b(b)(2)(A)(i), Defendant unlawfully inserted liability release provisions into forms purporting to grant Defendants authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes be "stand-alone forms" that do not include any additional agreements. Defendant's decision to include a liability release provision in its authorization forms is contrary to both the plain language of the FCRA and to unambiguous regulatory guidance provided by the FTC.

30. Specifically, Defendant's Background Check Disclosure form, attached as Exhibit A, demonstrates Defendant's intent to conduct a background check while simultaneously purporting to release Defendant from any liability in relation to the background check in the event that any information obtained proves erroneous. The release reads as follows: "I release and hold harmless all parties involved from any liability for damages arising from requesting, procuring or furnishing the requested information except with respect to a violation of the Act."

31. The inclusion of this release provision in Defendant's disclosure and release form violates the FCRA. Since 1998, the FTC has specifically warned that "inclusion of such a waiver [of liability] in a disclosure form will violate Section (b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

32. Defendant failed to satisfy the requirements of the Disclosure and Authorization Notice when it procured Plaintiff's consumer report without the making the proper disclosures.

33. Plaintiff began employment with Defendant as an adjuster.

34. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a salary plus commissions.

35. Defendant failed to pay Plaintiff all wages owed to Plaintiff.

36. Plaintiff's unpaid COMMISSIONS constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

37. Defendant's failure to pay Plaintiff all of Plaintiff's wages was willful.

### PUTATIVE CLASS DEFINED

38. Plaintiff asserts claims under Counts 1 and 2 of this Complaint on behalf of a Putative "Improper Disclosure and Authorization Class" defined as follows:

> **All Defendant's employees and job applicants in the United States who were the subject of a consumer report that was procured by Defendant within five years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

39. Plaintiff asserts claims under Count 3 of this Complaint on behalf of a Putative "Unpaid Wages Class" defined as follows:

> **All Defendant's employees in the United States who were employed by Defendant and denied their full wages and commissions within the applicable statute of limitations through the date of final judgment in this action.**

40. <u>Numerosity</u>: The members of the Putative Classes are so numerous that joinder of all Class members is impracticable. Defendant regularly

obtains and uses information in consumer reports to conduct background checks on prospective employees and current employees, and frequently relies on such information, in whole or in part, as a basis for taking adverse employment action. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Classes.

41. **Typicality**: Plaintiff's claims are typical of those of the members of the Putative Classes. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. Defendant typically does not provide copies of consumer reports to employees or prospective employees before taking adverse action against them, based on information contained in such reports. The FCRA and Florida common law violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff in a manner consistent with its treatment of other Putative Class members in accordance with its standard policies and practices.

42. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

43. **Commonality**: Common questions of law and fact exist as to all members of the Putative Classes, and predominate over any questions solely affecting individual members of the Putative Classes. These common questions include, but are not limited to:

 a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

 b. Whether Defendant's background check practices and/or procedures comply with the FCRA, including as to its "release" of liability;

 c. Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

 d. Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

 e. Whether Defendant's violations of the FCRA were willful;

 f. Whether Defendant failed to pay Plaintiff all wages owed to Plaintiff;

 g. Whether Plaintiff's unpaid commissions constitute "wages" under Florida common law;;

 h. The proper measure of statutory damages; and

 i. The proper form of injunctive and declaratory relief.

44. This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

45. This case is also maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with

respect to the Classes as a whole.

46. Class certification is also appropriate because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

47. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 1.220. The names and addresses of the Putative Class members are readily available from Defendant's records.

## FIRST CLAIM FOR RELIEF
### Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(i)

48. In violation of the FCRA, the background check that Defendant required the Background Check Class to complete as a condition of their employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i), because Defendant failed to provide a stand-alone document pertaining to how the consumer report information would be obtained and utilized. Furthermore, the background check document provided by Defendant includes an extraneous release and that violates the FCRA.

49. Defendant violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i).

50. The foregoing violations were willful. Defendant knew that it was required to provide a stand-alone form prior to obtaining and then utilizing a consumer report on any of the Improper Disclosure and Authorization Class members. Unfortunately, Defendant did nothing to correct their illegal FCRA practices. By failing to do so, Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA.

Any reasonable employer would know of, or could easily discover these mandates.

51. Plaintiff and the Improper Disclosure and Authorization Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages under 15 U.S.C. § 1681n(a)(2).

52. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

## SECOND CLAIM FOR RELIEF
### Failure to Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

53. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

54. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained, or had available, substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows about, or can easily discover, these mandates.

55. Plaintiff and the Improper Disclosure and Authorization Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more

13

than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages under 15 U.S.C. § 1681n(a)(2).

56. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

### PRAYER FOR RELIEF AS TO FCRA CLAIMS

57. **WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

    A. Determining that this action may proceed as a class action;

    B. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

    C. Issuing proper notice to the Putative Classes at Defendant's expense;

    D. Declaring that Defendant committed multiple, separate violations of the FCRA;

    E. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    F. Awarding statutory damages as provided by the FCRA, including punitive damages;

    G. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

    H. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## **THIRD CLAIM FOR RELIEF**
### Class Claim for Unpaid Wages Under FL Common Law

60. During the applicable statutes of limitation period Plaintiff, and the putative Unpaid Wages Class he seeks to represent, worked as an adjuster hired by Defendant to appraise damages during Hurricane Matthew.

61. Plaintiff and the putative Unpaid Wages Class were let go for "no reason" and not paid all commission (or any) commissions owed.

62. During the above time period, Plaintiff and the putative class members worked for Defendant and Defendant agreed to pay Plaintiff and the putative class members all wages owed.

63. Defendant failed to compensate Plaintiff all "wages" owed to them, including commissions, bonuses, incentive pay, and even hourly wages owed when Defendant failed to pay.

64. As a result of the foregoing, Plaintiffs have suffered damages.

65. Plaintiff is in possession of a group of adjusters who were subjected to precisely the same pay scheme which easily exceeds 40+ people.

## **PRAYER FOR RELIEF AS TO UNPAID WAGES CLAIMS**

*WHEREFORE*, Plaintiff and the putative class members on the Third Claim for Relief demand:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

(d) All costs and attorney's fees incurred in prosecuting these claims, pursuant to Fla. Stat. §448.08; and

(e) For such further relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff and the Putative Class demand trial by jury as to all issues so triable.

Dated this 16th day of January, 2017.

Respectfully submitted,

_____
LUIS A. CABASSA
Florida Bar Number: 0053643
**BRANDON J. HILL**
Florida Bar Number: 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: twells@wfclaw.com
E-mail: bhill@wfclaw.com
E-mail: mk@wfclaw.com
**Attorneys for Plaintiff**